DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-11-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

A.M., a minor, by and through his mother and natural guardian, DARLENE MARTINEZ, and DARLENE MARTINEZ individually on her own behalf,

**STIPULATION AND PROTECTIVE ORDER**

*Plaintiffs,*    No. 25-cv-08579 (LAK)

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION, BENJAMIN BASILE, PRINCIPAL OF THE MOTT HALL COMMUNITY CENTER, AND JOHANNY LOPEZ LAWSON, ASSISTANT PRINCIPAL OF THE MOTT HALL COMMUNITY SCHOOL,

*Defendants.*

-------------------------------------------------------------------- x

Pursuant to Fed. R. Civ. P. 26(c) and 20 U.S.C. § 1232g(b)(2)(b), it is hereby stipulated and agreed, by and between the Parties, including (i) Darlene Martinez, on behalf of her minor child, A.M., (ii) Darlene Martinez individually on her own behalf, and (iii) Defendants New York City Department of Education, Benjamin Basile, Principal of the Mott Hall Community Center, and Johanny Lopez Lawson, Assistant Principal of the Mott Hall Community School (collectively, the "Defendants"), through their respective undersigned counsel, and ordered by the Court as follows:

1.      This Stipulation and Protective Order ("Order") is being entered into to facilitate the production, exchange, and discovery of confidential documents and information that the Parties agree merit confidential treatment.

2.      The following documents and information produced or provided by the Parties or non-parties during the course of this action, including during the course of discovery, shall be deemed Confidential Material(s) automatically:

a. Personally identifying information or information that is specific to any individual, including but not limited to contact information, addresses, likeness, photographic and/or videographic image, family history, social security numbers, banking, credit, and other financial information, sexual orientation or gender identity, and other similar types of information;

b. Plaintiffs' and/or any person's medical files or records, including but not limited to, psychological or psychiatric files, counseling or treatment files;

c. New York City Department of Education ("DOE") employment/personnel and/or disciplinary-related records, including but not limited to, investigative files regarding employees conducted by the DOE, the Special Commissioner of Investigation for the New York City School District, , or any other governmental agency;

d. Plaintiffs' and/or any person's arrest records;

e. Plaintiff's and/or any person's educational records, as defined by the Family Educational Rights and Privacy Act and/or the Individuals with Disabilities Education Act, and any of the regulations promulgated thereunder;

f. Any documents or information that the Court directs be produced subject to this Stipulation and Protective Order; and

g. Any document(s) or information which counsel for the Parties agree should be considered Confidential Material.

Notwithstanding any of the above, Confidential Material shall not include any material that is publicly available, and a Party designating her/its own information or documents as Confidential Material may choose to use it in any way at any time.

3.      Nothing herein shall negate or obviate any requirement or obligation of confidentiality independent of this Order.

4.      Any Party may also designate other documents, including electronically stored information ("ESI"), produced or testimony given in connection with this action as Confidential Material, upon a good faith belief that the materials contain confidential information by (a) a clear notation on the document, (b) a statement on the record of the deposition, or (c) a written notification to counsel for the non-designating Party of the documents or information to be designated as Confidential Materials, identifying such documents or information by title, Bates number, or other method reasonably calculated to give notice of the confidentiality designation. In the event a Party wishes to designate as Confidential Material any testimony, including but not limited to deposition transcripts, the Party may do so within thirty (30) days of receipt of the transcript.

5.      Inadvertent failure to designate any document as Confidential Material shall not be construed as a waiver, in whole or in part, of its status as Confidential Material, and documents or testimony containing confidential information that a producing Party inadvertently fails to designate as Confidential Materials may be appropriately designated confidential at any time after production by written notice to the receiving Party's counsel as described in Paragraph 4 above, coupled with reproducing with the appropriate "Confidential Material" notation stamped on any such materials. The receiving Party shall not be in violation of this Order for any disclosures of such Confidential Material made prior to such notice, which would have been authorized by

this Order but for the subsequent designation by notice. In the event that any Party obtains documents or information from a Party or nonparty that contains Confidential Material, that Party will designate such document or information as Confidential Material pursuant to this Order, and it shall be treated as such in accordance with this Order.

6. In the event that any Party obtains documents or information from a party or nonparty that contains Confidential Material but is not so designated, that Party shall notify the Producing Party of such in writing and will treat the Confidential Material in accordance with this Order.

7. Information and documents that are Confidential Material shall be used solely for the prosecution or defense of the claims and affirmative defenses in this litigation, and unless the Court for good cause shown rules otherwise, such information and documents shall not be disclosed to any person other than the following, qualified recipients:

    a. the Parties;

    b. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    c. personnel of Plaintiff or Defendants who are actually assisting in the preparation of this action for trial or other proceedings herein and who have been advised of their obligations hereunder;

    d. counsel for the Parties and their associated attorneys, paralegals, and other professional personnel (including support staff);

    e. the Court and court personnel, subject to the conditions and limitations set forth in Paragraph 10 below;

f. deposition or trial witnesses or persons contacted by a Party based on a good faith belief that such persons may become witnesses at trial or depositions, to the extent reasonably necessary in connection with their potential testimony or in preparation therefor;

g. any expert who has been retained or specifically employed by counsel in anticipation of litigation or preparation of this action (including consulting experts);

h. stenographers and/or court reporters engaged to transcribe depositions conducted in this action, as well as interpreters assisting therein;

i. any third-party vendor providing photocopying, data processing, or graphic production services hired by counsel to assist in discovery management and/or trial preparation; and

j. any other person agreed to by the Parties.

8.    Before any disclosure is made to the individuals identified in Paragraphs 7(f)-7(j) above, the Party's attorney shall provide each such individual with a copy of this Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Material for any purpose other than in connection with the prosecution or defense of the action and not to further disclose the Confidential Material except in testimony taken in this action. The signed consent shall be retained by that Party's attorneys, and a copy shall be furnished to the other Parties either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Nothing in this provision shall require disclosure by a Party of the identity of non-testifying experts and/or consultants.

9.      In the event a Party disagrees with a designation of Confidential Material, the disagreeing Party shall notify the designating Party of such disagreement in writing. The Parties shall first try to dispose of such disputes in good faith on an informal basis. If the dispute cannot be resolved within fourteen (14) days of the disagreeing Party's notifying the designating Party of its disagreement, the disagreeing Party may seek affirmative relief from the Court declassifying the material in question as Confidential Material. Any such motion must be made within thirty (30) days of the initial notification of the disagreement. Until any dispute under this paragraph is either resolved informally or ruled upon by the Court, the designating Party's "Confidential Material" designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required under this Order.

10.     Confidential Material may be used in support of and in opposition to motions and at trial. The Party intending to use Confidential Material for purposes of any publicly filed brief, motion, or memoranda, must notify the other Party of that intent in writing at least ten (10) business days before the document is used or as soon as practicable in the event exigent circumstances so require. If the other Party disputes the inclusion of such Confidential Material in the public filing, the Parties shall confer in good faith to resolve the matter without any need for Court intervention. Should the Parties not reach a resolution, the document shall be filed under seal if the Court approves of the sealed filing. If the Court denies a Party's request to file a document under seal, such denial shall not preclude a Party from using the document, subject to any objections or court rulings. At all times throughout this action, the Parties shall endeavor to use redactions rather than filing under seal to the extent practicable. Nothing in this paragraph precludes the Parties from conferring in good faith with respect to filing redacted or sealed documents consistent with this order under a different timeframe.

11.    Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing. Notwithstanding the foregoing, any Party may seek relief from the Court permitting the confidential treatment of such material in the course of any such trial.

12.    This Order shall not preclude counsel for the Parties from using, during any deposition in this action, any documents or information designated as Confidential Material, subject to the conditions and limitations in Paragraphs 7, 8, and 10 above.

13.    Nothing in this Order shall be deemed to require or constitute a waiver or disclosure of material protected by the attorney-client privilege or the attorney work product doctrine, or of any other privilege or doctrine that would exempt any document from disclosure pursuant to federal, state, or local law or regulation. The inadvertent production of any other information or document during this litigation shall be without prejudice to any claim that the inadvertently produced document contains Confidential Material, attorney-client privileged information, information protected by the attorney work product doctrine, or information protected by any other legally recognized privileged ("Produced Privileged Document"), and pursuant to Rule 502(d) of the Federal Rules of Evidence, no Party shall be held to have waived any rights by virtue of an inadvertent production. If any Party inadvertently produces a document, the opposing Party shall return the original and all copies of the document pursuant to a written request and shall not use any information thus obtained unless allowed to do so by the Court.

14.    If a Party decides to challenge a claim of privilege after receiving written notice of the inadvertent production thereof, the Party shall request a meet and confer to seek to resolve the dispute. The Parties shall meet promptly within ten (10) business days after such request to meet and confer or as soon thereafter as agreed upon by the Parties. If, after the meet

and confer, the Parties have not resolved the dispute, the Party challenging the claim of privilege may, within ten (10) business days from the conclusion of the meet and confer, move the Court for an order compelling production of the document claimed to have been privileged. The motion shall not assert as a ground for production the fact that such documents or information were previously produced by the producing Party. The Parties agree that any Produced Privileged Documents subject to the motion may be submitted to the Court for *in camera* review by the producing Party. In the absence of an Order permitting otherwise, no Produced Privileged Document promptly identified and requested returned by the disclosing Party shall be introduced into evidence or used for any purpose in this action (except in a motion challenging the claim of privilege, with any quotation or description of the Produced Privilege Document redacted), unless the Court has compelled production thereof.

15.    Nothing contained in this Order shall be deemed to constitute agreement by a Party to the disclosure of any specific Confidential Material, and this Order shall be without prejudice to any objections raised by a Party to such disclosure in this or any other action.

16.    Nothing in this Order shall be construed to limit, modify, or interfere in any manner with:

    a.   the disclosure obligations of the DOE under the New York Freedom of Information Law ("FOIL"), New York Public Officers Law Article 6, and related state law, regulations, and judicial decisions;

    b.   the interpretation, application, and implementation by the DOE, its public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations;

  c. the Defendants' or their employees' or officials' use in the ordinary course of business and as permitted by law outside of this action of documents and information designated as Confidential Material in this action that they legally have in their possession and that were not received through discovery in this action or through releases or authorizations signed by Plaintiff; or

  d. any Party's use of its own Confidential Material.

17. This Order is entered into without prejudice to the right of any Party to seek relief from, or modification of, this Order or any provisions thereof by properly noticed motion to the Court, or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

18. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, and upon request of counsel, all Confidential Material produced or designated and all reproductions thereof, shall be returned to the producing Party or shall be destroyed, at the discretion of the receiving Party. In the event that any Party chooses to destroy physical objects and documents, such Party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain all non-conforming copies of attorney work product containing Confidential information, as well as one hard copy and one electronic copy of any pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits that contain Confidential information.

19.     The terms of this Stipulation and Protective Order shall be binding upon all current and future Parties and their counsel.

20.     This Order may be executed in counterparts, which together shall constitute

one agreement, and electronic or facsimile signatures shall have the same for and effect as original

signatures.

Dated:          May 6, 2026
                New York, New York

Law Offices of Alan S. Futerfas                     **STEVEN BANKS**
Attorneys for Plaintiff  9th                        *Corporation Counsel of the City of New York*
565 Fifth Avenue, 7th Floor                         Attorney for Defendants
New York, NY 10017                                  100 Church Street
t: (212) 684-8400                                   New York, NY 10007
                                                    t: (212) 356-2555

By:  _____
        Ellen B. Resnick, Esq.                      By:     *Kimberly L. Roc*
        Alan S. Futerfas, Esq.                              _____
                                                            Kimberly L. Roc, Esq.
                                                            *Assistant Corporation Counsel*


It is SO ORDERED this _____ day of
_____, 2026.

                                        _____
                                        LEWIS A. KAPLAN
                                        United States ~~Magistrate~~ Judge
                                        District


Notwithstanding anything to the contrary herein:

1.      Any papers filed under seal in this action shall be made part of the public record on
or after __5/11/_____ unless the Court otherwise orders.
        2031

2.      Any person may apply to the Court for access to any papers filed under seal
pursuant to this order. Should such an application be made, the person or persons who
designated the sealed material as Confidential shall have the burden of establishing good
cause for the continuation of the sealing order unless the Court previously made an
individualized determination of the existence of good cause for sealing.

Dated: 5/11/2026     _____
                        Lewis A. Kaplan
                        United States District Judge

-11-

## EXHIBIT A

The undersigned hereby acknowledges that s/he has read the Confidentiality Stipulation and Protective Order dated ____, entered into the Action entitled <u>A.M. et al. v. New York City of Education, et al.</u>, 25 Civ. 08579 (LAK), and understands the terms thereof. The undersigned agrees not to use the Confidential Material defined therein, or the contents thereof, for any purpose other than in connection with the preparation, evaluation or presentation of this case, and will not further disclose the Confidential Material or the contents thereof except in testimony taken in this case.

Date: _____                    Signature:_____


                                    Print Name:_____


                                    Occupation:_____